UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON

*To Be Filed Electronically*

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY | ) |
| 6101 Anacapri Boulevard | ) |
| Lansing, MI  48917-3999 | ) |
| | ) |
| and | ) |
| | ) |
| OWNERS INSURANCE COMPANY | ) |
| 2325 North Cole | ) |
| Lima, OH  45801 | ) |
| | ) |
|      Plaintiffs, | ) |
| | ) |
| v. | )    NO. _____ |
| | ) |
| J.C. EGNEW, Individually | ) |
| P.O. Box 337 | ) |
| Stearns, KY  42647-0425 | ) |
|    Serve:  J.C. Egnew | ) |
|        P.O. Box 337 | ) |
|        Stearns, KY  42647-0425 | ) |
| | ) |
| and | ) |
| | ) |
| AZALIE EGNEW, Individually | ) |
| P.O. Box 337 | ) |
| Stearns, KY  42647-0425 | ) |
|    Serve:  Azalie Egnew | ) |
|        P.O. Box 337 | ) |
|        Stearns, KY  42647-0425 | ) |
| | ) |
| and | ) |
| | ) |
| LLOYD MONCRIEF, Individually | ) |
| 321 Canyon Drive | ) |
| London, KY  40741-7933 | ) |
|    Serve:  Lloyd Moncrief | ) |
|        321 Canyon Drive | ) |
|        London, KY  40741-7933 | ) |
| | ) |

and                                                          )
                                                             )
LINDA MONCRIEF, Individually                                 )
321 Canyon Drive                                             )
London, KY  40741-7933                                       )
        Serve:  Linda Moncrief                               )
                321 Canyon Drive                             )
                London, KY  40741-7933                       )
                                                             )
and                                                          )
                                                             )
KENTUCKY HIGHLANDS INVESTMENT                                )
CORPORATION/KENTUCKY HIGHLANDS                               )
DEVELOPMENT CORPORATION                                      )
P.O. Box 1738                                                )
London, KY  40743-1738                                       )
        Serve:  Jerry A. Rickett,                            )
                Registered Agent                             )
                362 Old Whitley Road                         )
                London, KY  40741                            )
                                                             )
and                                                          )
                                                             )
OUTDOOR VENTURE CORPORATION,                                 )
d/b/a Stearns Manufacturing                                  )
P.O. Box 337                                                 )
Stearns, KY  42647                                           )
        Serve:  J.C. Egnew,                                  )
                Registered Agent                             )
                P.O. Box 337                                 )
                Stearns, KY  42647                           )
                                                             )
and                                                          )
                                                             )
STEARNS MANUFACTURING, LLC                                   )
P.O. Box 337                                                 )
Stearns, KY  42647                                           )
        Serve:  J.C. Egnew,                                  )
                Registered Agent                             )
                2740 South Highway 1651                      )
                Stearns, KY  42647                           )
                                                             )
and                                                          )

LEEP, INC., d/b/a LEEP, INC. OF                     )
KENTUCKY                                            )
P.O. Box 24344                                      )
Louisville, KY  40224                               )
      Serve:  Thomas Atkins,               )
           Registered Agent            )
           462 South Fourth Street      )
           Louisville, KY  40202         )
                                                   )
and                                                 )
                                                   )
ROGER L. BLANKEN                                    )
6 Fairway Drive                                     )
Woburn, MA  01801-5474                              )
      Serve:  Roger L. Blanken               )
           6 Fairway Drive              )
           Woburn, MA  01801-5474       )
                                                   )
      Defendants.                            )
_____ )

## PETITION FOR DECLARATORY JUDGMENT

The Plaintiffs, Auto-Owners Insurance Company and Owners Insurance Company, for their Petition for a Declaration of Rights against the above-named Defendants state as follows:

## JURISDICTION, PARTIES, AND VENUE

1.      This is an action for Declaratory Judgment, pursuant to *28 U.S.C. §2201* and *FRCP 57*, to determine an actual controversy between Auto-Owners Insurance Company and Owners Insurance Company and J.C. Egnew and Azalie Egnew, Lloyd Moncrief and Linda Moncrief, Kentucky Highlands Investment Corporation/Kentucky Highlands Development Corporation, Outdoor Venture Corporation, d/b/a Stearns Manufacturing, Stearns Manufacturing, LLC, LEEP, Inc. d/b/a LEEP. Inc. of Kentucky and Roger L. Blanken.

2.      The Plaintiffs, Auto-Owners Insurance Company and Owners Insurance Company (hereinafter "Auto-Owners" and "Owners") are foreign corporations organized and existing under the law of the states of Michigan and Ohio.  Auto-Owners wholly owns Owners

and has its principal place of business in Lansing, Michigan.  Auto-Owners and Owners are not citizens of the Commonwealth of Kentucky.

3.       The Defendants, J.C. and Azalie Egnew ("Egnews"), are citizens and residents of the Commonwealth of Kentucky, residing at P.O. Box 337, Stearns, KY 42647-0425.

4.       The Defendants, Lloyd and Linda Moncrief ("Moncriefs"), are citizens and residents of the Commonwealth of Kentucky, residing at 321 Canyon Drive, London, KY 40741-7933.

5.       The Defendant, Kentucky Highlands Investment Corporation/Kentucky Highlands Development Corporation ("Kentucky Highlands") is a domestic corporation, organized and existing under the laws of the Commonwealth of Kentucky, has its principal place of business in London, Kentucky, and conducts business in the Commonwealth of Kentucky.

6.       The Defendant, Outdoor Venture Corporation ("Outdoor Venture") is a domestic corporation, organized and existing under the laws of the Commonwealth of Kentucky, has its principal place of business in Stearns, Kentucky, and conducts business in the Commonwealth of Kentucky.

7.       The Defendant, Stearns Manufacturing, LLC ("Stearns") was organized to conduct business in the Commonwealth of Kentucky as a Kentucky limited liability corporation on January 18, 2013 with its principal place of business in Sterns, Kentucky 42647.  On May 2, 2013, Stearns was dissolved as an LLC, and Outdoor Venture commenced operations of Stearns as a DBA.

8.       The Defendant, LEEP, Inc., d/b/a LEEP Inc. of Kentucky ("LEEP") is a foreign corporation, and an Oregon publically-traded corporation, which is authorized to transact

business in the Commonwealth of Kentucky and has its principal place of business in Louisville, Kentucky.

9.      The Defendant, Roger L. Blanken is a resident of Massachusetts and resides at 6 Fairway Drive, Woburn, Massachusetts 01801-5474.

10.     This Court has jurisdiction over this action pursuant to *28 U.S.C. §1332(a)* because there is complete diversity of citizenship between the Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

11.     Venue is proper in the Eastern District of Kentucky pursuant to *28 U.S.C. §1391* because a substantial part of the events giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS IN THE UNDERLYING ACTIONS

### *1.      LEEP SUIT – JEFFERSON CIRCUIT COURT, DIV. 2, 13-CI-00086*

12.     This coverage action arises from the filing of an underlying Complaint on January 7, 2013 by LEEP claiming breach of contract and tortious interference with a business relationship.  LEEP originally brought this action against the underlying Defendants, Outdoor Venture, J.C. Egnew, Kentucky Highlands, (Lloyd) Ray Moncrief, and unknown John Does 1-10 in the Jefferson Circuit Court, Division Two, Action No. 13-CI-00086.

On May 9, 2013, LEEP filed an Amended Complaint, adding Stearns Manufacturing, LLC as a Defendant.  LEEP then pled sixteen different counts of breaches of contracts, tortious interference with multiple contracts, fraud, conversion, breach of fiduciary duty, defamation and violation of RICO, *§1962 (C)*.

On October 4, 2013, LEEP filed a Second Amended Complaint against Egnew, Moncrief, Kentucky Highlands, Outdoor Venture, and Stearns in which it alleged 17 Counts:

Count I - BREACH OF CONTRACTS

Count II – BREACH OF ORAL CONTRACTS

Count III – FRAUD

Count IV – TORTIOUS INTERFERENCE WITH
       CONTRACT BETWEEN FORTRESS AND LEEP

Count V – TORTIOUS INTERFERENCE WITH
       LEEP/SALZER GMBH CONTRACT

Count VI – CONVERSION OF LEEP'S PROPERTY

Count VII – DECLARATIONS OF RIGHTS

Count VIII – TORTIOUS INTERFERENCE WITH CONTRACT
       BETWEEN ROGER L. BLANKEN AND LEEP

Count IX – TORTIOUS INTERFERENCE WITH PROSPECTIVE
       BUSINESS ADVANTAGE

Count X – BREACH OF FIDUCIARY DUTY

Count XI – DEFAMATION

Count XII – INTENTIONAL CONDUCT BY DEFENDANTS,
       OVC, KHD, KHI, MONCRIEF FOR PUNITIVE
       DAMAGES

Count XIII – TORTIOUS INTERFERENCE WITH CONTRACT
       BETWEEN SC FUNDAMENTAL AND LEEP

Count XIV – INJUNCTIVE RELIEF

Count XV – ATTORNEY'S FEES

Count XVI – VIOLATION OF RICO, §1962(C)
Count XVII – VIOLATION OF THE KENTUCKY UNIFORM TRADE
       SECRETS ACT, *KRS 365.880 TO KRS 365.900*

The Second Amended Complaint inclusively states all allegations and is attached hereto as

Exhibit "A".

      13.     In this underlying Complaint, LEEP states that in Summer of 2011, LEEP and

Outdoor Venture entered into discussions of a possible joint venture which would manufacture

and sell patented LEEP core panels.  As part of the discussions, a Non-Disclosure Agreement ("NDA") was signed on August 16, 2011.  LEEP alleges that pursuant to the NDA and the discussion of a possible joint venture, LEEP disclosed confidential and proprietary information to Outdoor Venture and Kentucky Highlands.

14.     LEEP further alleges that in the early Fall of 2012, all parties decided not to form a joint business venture and negotiations ceased.  After the cessation, LEEP alleges that Outdoor Venture and Kentucky Highlands improperly conspired to obtain LEEP's assets, wrongfully converted these assets, breached the NDA and fiduciary duties, and tortiously interfered with multiple business contracts and relations.  LEEP also alleges fraud, defamation, intentional conduct by underlying Defendants, as well as statutory violations of RICO and *KRS 365.880*, *et seq.*  (Exhibit "A").

15.     As a result of the alleged wrongful and deliberate acts of the underlying Defendants, LEEP seeks compensatory damages, attorney's fees, punitive damages, treble damages, a declaration of rights, and injunctive relief.  (See Exhibit "A").

16.     That as a result of the filing of this underlying Complaint, LEEP may be an indispensable party and is made a part of this action to assert any interest it may have in this coverage determination.

> 2.     *ROGER L. BLANKEN SUIT – UNITED STATES DISTRICT COURT,*
> *EASTERN DISTRICT OF KENTUCKY, LONDON DIVISION,*
> *CASE NO. 6:13-CV-00047*

17.     On March 6, 2013, Roger L. Blanken ("Blanken") filed a Verified Complaint against Kentucky Highlands, Outdoor Venture, and Stearns arising from the same factual situation as presented in the LEEP state court action.  On April 22, 2013, Blanken filed an Amended Verified Complaint against these same Defendants seeking a declaration of rights and

alleging the wrongful seizure and conversion of his property from LEEP's facility at
Montoursville, Pennsylvania. Blanken also alleged tortious interference with contract by
Kentucky Highlands, Outdoor Venture, and Stearns. Blanken seeks $1,042,000.00 in
compensatory damages, $1,000,000.00 lost profits, attorney's fees, and punitive damages for
intentional conduct.

      18.    As a result of the filing of this Complaint, Roger L. Blanken may be an
indispensable party and is made a part of this action to assert any interest that he may have in this
coverage determination. (See Blanken Amended Verified Complaint, attached hereto as Exhibit
"B").

## THE AUTO-OWNERS AND OWNERS POLICIES

      19.    Auto-Owners and Owners issued a series of eight personal and commercial
policies to: J.C. and Azalie Egnew; Lloyd and Linda Moncrief; Kentucky Highlands; and
Outdoor Venture d/b/a Stearns. All policies were issued in the Commonwealth of Kentucky.

*The Personal Policies*

      20.    The first personal insureds are J.C. Egnew and Azalie Egnew. Owners issued the
Egnews a Premier Plus Homeowners Policy, no. 47-169-592-00, effective March 20, 2012
through March 20, 2013. The property insured is 2 Big Oak Street, Stearns, Kentucky. Auto-
Owners issued another Premier Plus Homeowners Policy to James C. Egnew and Azalie Egnew,
number 47-173-955-02, effective November 24, 2012 through November 24, 2013. The
property insured is 1006 Middeton Place, Knoxville, Tennessee. Auto-Owners also issued an
Executive Umbrella Insurance Policy to J.C. Egnew, number 47-173-955-00, effective March 20,
2012 through March 20, 2013. (See certified copy of Homeowners and Executive Umbrella
Insurance Policies, attached hereto as Exhibits "C" ("C1", "C2" and "C3", "Egnew Policies").

21.     The second personal insureds are Lloyd and Linda Moncrief.  Owners issued the Moncriefs a Premier Plus Homeowners Policy, no. 44-930-116-01, effective March 7, 2012 through March 7, 2013.  The property insured is 321 Canyon Drive, London, Kentucky.  Auto-Owners also issued an Executive Umbrella Insurance Policy to Lloyd and/or Linda Moncrief, no. 44-930-116-02, effective March 7, 2012 through March 7, 2013.  (See certified copy of Homeowners and Executive Umbrella Insurance Policies, attached hereto as Exhibits "D" ("D1" and "D2", "Moncrief Policies").

*The Commercial Policies*

22.     The first commercial insured is Kentucky Highland Investment Corp./Kentucky Highlands Development Corp. ("Kentucky Highlands").  Owners issued a Businessowners Policy to Kentucky Highlands, no. 48-727-049-00, effective April 1, 2012 through April 1, 2013. Owners also issued a Commercial Umbrella Policy to Kentucky Highlands, no. 48-727-049-01, effective April 1, 2012 through April 1, 2013.  (See certified copies of Businessowners and Commercial Umbrella policies, attached hereto as Exhibits "E" ("E1" and "E2", "Kentucky Highlands Policies").

23.     Outdoor Venture Corporation d/b/a Stearns Manufacturing ("Outdoor Venture d/b/a Stearns") is another commercial insured.  Owners originally issued a Commercial General Liability policy to Stearns Manufacturing, LLC, No. 52392053-13, effective January 31, 2013 to January 31, 2014; Outdoor Venture was an Additional Insured.  On May 28, 2013, after Stearns Manufacturing, LLC was dissolved, the Named Insured on the policy was changed to Outdoor Venture Corporation DBA: Stearns Manufacturing.  (See certified copy of CGL policy, attached hereto as Exhibit "F", "Outdoor d/b/a Stearns Policy").

## PERTINENT POLICY PROVISIONS

*Egnews' and Moncriefs' Homeowners Insurance Policies*

24.     The Premier Plus Homeowners Policies issued to the Egnews and the Moncriefs contain identical coverage forms, **FORM 17909 (2-96)**.  In the **INSURING AGREEMENT**, the policy form states:  "The attached Declarations describe the property **we** insure and the Coverages and Limits of Insurance for which **you** have paid a premium….This policy applies to losses, **bodily injury, property damage and personal injury** which occur during the policy term shown in the Declarations."  (See Exhibits "C" and "D").

25.     In **DEFINITIONS**, the relevant terms are defined:

    **3.**     **Business** means:

        **a.**     Any full or part time trade, profession or occupation;…

    **4.**     **Incident** means an offense(s) committed by any insured resulting in personal injury…

***

    **9.**     **Personal Injury** means:

        **a.**     libel, slander, or defamation of character;

        **b.**     false arrest, detention or imprisonment, or malicious prosecution;

        **c.**     invasion of privacy; or

        **d.**      wrongful eviction or wrongful entry….

26.     In **SECTION II-PERSONAL LIABILITY PROTECTION, 1. COVERAGES, a. Coverage E-Personal Liability (2)**, the policy reads:  "**We** will pay all sums any **insured** becomes legally obligated to pay as damages because of or arising out of **personal injury** caused by an **incident** to which this coverage applies."

27.    In **SECTION II-2. EXCLUSIONS**, the policy, in pertinent part, states:

\*\*\*

    **b.**    **Coverage E-Personal Liability** does not apply:

        **(1)**    to liability assumed under:

            **(a)**    any oral contract or agreement; or

            **(b)**    any contract or agreement:

                **(1)**    in connection with any **business** of an **insured**;…

\*\*\*

        **(7)**    to **personal injury**:

            **(a)**    in connection with any **business**, occupation, trade or profession; nor

            **(b)**    with respect to any publication or utterance made knowing it to be false.

28.    The policy states in **SECTION II-3. ADDITIONAL COVERAGES, a. (2)**: "We will not pay for **property damage**:… **(d)** arising out of:  **2**) a **business**;…  (See Exhibits "C" and "D").

*Egnews' and Moncriefs' Executive Umbrella Insurance Policies*

29.    The Egnew and Moncrief Executive Umbrella Insurance Policies also contain an identical coverage form, **FORM 26029 (5-00)**.  The **INSURING AGREEMENT** reads:  "We agree to provide insurance subject to all the terms of this policy….This policy applies to personal injury and property damage which occur during the policy period as shown in the Declarations…."

30.    In **DEFINITIONS** on page 1 and 2 of **FORM 26029 (5-00)** the policy defines the relevant terms of "**Business**", "**Incident**", and "**Personal Injury**".

31.     In **COVERAGES, PERSONAL LIABILITY** the policy provides:  "We will pay on behalf of the insured the ultimate net loss in excess of the retained limit which the insured becomes legally obligated to pay as damages because of personal injury or property damage which occurs anywhere in the world."

32.     In **EXCLUSIONS**, it states:

We do not cover:

***

(d)     Personal injury or property damage expected or intended by the insured.

***

(g)     Personal injury or property damage resulting from:

        (1)     business pursuits or business property…; or

        (2)     rendering or failure to render a professional service.

(See Exhibits "C" and "D").

*Kentucky Highlands' Businessowners Insurance Policy*

33.     The policy provides in **BP 00-06-01-87, BUSINESSOWNERS LIABILITY COVERAGE FORM, A. COVERAGES:**

**1.     Business Liability.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage', 'personal injury' or 'advertising injury' to which this insurance applies….

34.     In **B. EXCLUSIONS, 1. Applicable to Business Liability Coverage**, it states:

This insurance does not apply to:

***

**p.**     'Personal injury' or 'advertising injury'"

12

    **(1)**    Arising out of oral or written publication of material, if done by or at the direction of the **insured** with knowledge of its falsity;

***

    **(3)**    Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured, or

    **(4)**    For which the insured has assumed liability in a contract or agreement….

    **q.**    'Advertising injury' arising out of:

    **(1)**    Breach of contract, other than misappropriation of advertising ideas under an implied contract;…

35.    The pertinent policy terms in **F. LIABILITY AND MEDICAL EXPENSES**

**DEFINITIONS** of **FORM BP 00-06-01-87** are set forth as follows:

    **1.**    'Advertising Injury' means injury arising out of one or more of the following offenses:

    **a.**    Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **b.**    Oral or written publication of material that violates a person's right of privacy;…

***

    **10.**    'Personal Injury' means injury, other than 'bodily injury' arising out of one of or one/or more of the following offenses:

***

    **d.**    Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

    **e.**    Oral or written publication of material that violates a person's right of privacy.

13

36.     There are relevant policy endorsements:

(1)     **FORM 54604 (7-88) CONDITIONAL AMENDATORY ENDORSEMENT**

      **THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE BUSINESSOWNERS POLICY.**

      1.     Unless indicated in the Declarations, the following coverages are deleted:

              ***

        b.     Under the BUSINESSOWNERS LIABILITY COVERAGE FORM:  Personal Injury-Damages because of personal injury as afforded under Business Liability.

              ***

(2)     **FORM 54642 (1-89) FINANCIAL INSTITUTIONS LIMITATION ENDORSEMENT**

      **THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE BUSINESSOWNERS POLICY**

      It is agreed:

              ***

      2.     Under the **BUSINESSOWNERS LIABILITY COVERAGE FORM**, coverage is not provided by this policy for any claim, suit, action…for liability for 'bodily injury', 'property damage', 'personal injury' and 'advertising injury', arising out of:

        a.     The ownership, maintenance or use of property, including any operations relating to such property, for which the insured is acting in a fiduciary or representative position; ….

              ***

(3)     **FORM BP 04 01 06 89 COMPREHENSIVE BUSINESS LIABILITY EXCLUSION**

      (All Hazards in Connection with Designated Premise, Operations or Products)

      1.     Operations described…; or

14

2.      The 'products-completed operations hazard' arising from those operations.

*Information required to complete this Schedule, if not shown on this endorsement, will be shown in the Declarations.

This endorsement modifies insurance provided under the following:

**BUSINESSOWNERS POLICY**

**SCHEDULE**

**A.    Description and Location of Premises;**

**B.    Description and Location of Premises Operations:**

The following is added to **SECTION B. EXCLUSIONS** of the Businessowners Liability

Coverage Form, with respect to Business Liability Coverage and Medical Expenses Coverage:

This insurance does not apply to 'bodily injury', 'property damage', 'personal injury' or 'advertising injury' arising out of:

**A.   1**.     The ownership, maintenance or use of premises described…

      **2**.     Operations on those premises or elsewhere that are necessary or incidental to the ownership, maintenance, or use of those premises; or

      **3**.     Goods or products manufactured at or distributed from those premises. . . .

(See Exhibit "E1").

*Kentucky Highlands Commercial Umbrella Policy*

37.     The Commercial Insurance Umbrella Policy, in pertinent part, states in

**COVERAGE A**:

We will pay those sums included in the **ultimate net loss** that the **insured** becomes legally obligated to pay as damages because of:

            ***

   **3.**  **Personal injury; or**

   **4.**  **Advertising injury**

to which this insurance applies caused by an **incident**.

38. In **EXCLUSIONS**, it provides:

This policy does not apply to:

***

   **D.**  Any wrongful act, error or omission or breach of duty by any **insured** in the performance of the office of director or officer of an organization.

***

   **L.**  **Bodily injury, personal injury** or **advertising injury**:

     **1.**  To a person arising out of any:

***

       **c.**  Employment-related practice, policy, act or omission, including but not limited to coercion…defamation, harassment, humiliation or discrimination directed at a person; or

       **d.**  Criminal or civil action brought against a person by or at the direction of the insured directly or indirectly related to any offense described in **L. 1. a., b.** or **c.** above;….

     **2.**  Anyone as a consequence of bodily injury, personal injury or advertising injury to a person at whom any of the employment-related practices described in **L. 1.** above is directed.

***

   **R.**  **Personal injury** or **advertising injury**:

     **1.**  Caused by or at the direction of any **insured** with the knowledge that the act would violate the rights of another

16

and would inflict **personal injury** or **advertising injury**; or

**S.**   **Personal injury** or **advertising injury**:

    **1.**   Arising out of oral or written publication of material, if done by or at the direction of the **insured** with knowledge of its falsity;

         \*\*\*

    **3.**   Arising out of a criminal act or violation of a penal statute or ordinance committed by or at the direction of the **insured**.

    **4.**   For which the **insured** has assumed liability in a contract or agreement….

**T.**   **Personal injury** or **advertising injury** arising out of the infringement of copyright, patent, **trademark**, trade secret or other intellectual property rights….

         \*\*\*

**V.**   **Personal injury** or **advertising injury** arising out of use of another's name or product in your email address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

         \*\*\*

**CC.**   **Advertising injury** arising out of:

    **1.**   A breach of contract….

39.   There are endorsements which modify the coverage in relevant part:

(1)   **FORM 26814 (1-06) ERRORS AND OMISSIONS EXCLUSION**

**Commercial Umbrella Policy**

It is agreed:

The following exclusion is added to the **EXCLUSIONS** section of the policy:

17

Any negligent act, error or omission arising out of the performance of professional services caused by:

    **1.**    The **insured**; or

    **2.**    A person for whose acts the **insured** is legally liable….

*\*\*\**

(2)    **FORM 26829 (7-05) PERSONAL INJURY AND ADVERTISING INJURY EXCLUSION**

**Commercial Umbrella Policy**

It is agreed:

The following exclusion is added to the **EXCLUSIONS** section of the policy:

**Personal injury** or **advertising injury**.

All other policy terms and conditions apply.

40.    The pertinent terms of "Advertising injury", "Incident", and "Personal injury", are defined in **DEFINITIONS** at pages 2 – 4 of the umbrella policy.  (See Exhibit "E2").

*Outdoor Venture d/b/a Stearns CGL Policy*

41.    In the **COMMERCIAL GENERAL LIABILITY Coverage Form, 55300 (07-05), SECTION I – COVERAGES, COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY**, the **1. Insuring Agreement** provides:

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damage because of "personal injury" or "advertising injury" to which this insurance applies….

*\*\*\**

    **b.**    This insurance applies to "personal injury" and "advertising injury" only if:

*\*\*\**

    **(2)**    The offense causing the "personal injury" or "advertising injury" was committed in the

coverage territory" during the policy period.

42.    In **2. Exclusions**, the policy, in pertinent part, states:

This insurance does not apply to "personal injury" or "advertising injury":

**a.    Knowing Violation Of Rights Of Another Or Expected Or Intended Injury**

    **(1)**    Caused by or at the direction of any insured with the knowledge that the act would violate the rights of another and would inflict "personal injury" or "advertising injury"; or

               ***

**b.    Material Published With Knowledge Of Falsity**

Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**c.    Material Published Prior To Policy Period**

Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

**d.    Criminal Acts**

Arising out of a criminal act or violation of a penal statute or ordinance committed by or at the direction of the insured.

**e.    Contractual Liability**

For which the insured has assumed liability in a contract or agreement.  This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

**f.    Breach of Contract**

Arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

               ***

      **i.**     **Infringement Of Copyright, Patent, Trademark Or Trade Secret**

Arising out of the infringement of copyright, patent, "trademark", trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement" of copyright, "trade dress" or slogan.

***

      **l.**     **Unauthorized Use of Another's Name or Product**

Arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag or any other similar tactics to mislead another's potential customers.

***

      **n.**     **Employment-Related Practices**

(1)     Arising out of any:

***

**(c)**     Employment-related practice, policy, act or omission, including but not limited to coercion… defamation, harassment, humiliation or discrimination directed at a person; or

**(d)**     Criminal or civil action brought against a person by or at the direction of the insured directly or indirectly related to any offense described in **(a)**, **(b)**, or **(c)** above.

**(2)**     To anyone as a consequence of 'personal injury' or 'advertising injury' at whom any of the employment-related practices described in paragraphs **(a), (b), (c)**, or **(d)** above is directed . . . .

43.     The pertinent terms of "Advertising Injury" and "Personal Injury" are defined in

**SECTION V – DEFINITIONS** and at pages 16, 17 of **Form 55300 (07-05)** and in the

20

**COMMERCIAL GENERAL LIABILITY PLUS ENDORSEMENT, 55091 (10-08), 5.B.** at

page 5.  (See Exhibit "F").

**COUNT I**

44.     Auto-Owners and Owners intend to and reserve their right to rely on each and

every provision of the Egnew Policies, the Moncrief Policies, Kentucky Highland Policies and

the Outdoor Venture d/b/a Stearns Policy, and hereby incorporate by reference the entire

policies.  (See Exhibits "C", "D", "E", and "F").

45.     Auto-Owners and Owners are currently providing a defense to J.C. Egnew and

Azalie Egnew, Lloyd and Linda Moncrief, Kentucky Highlands, and Outdoor Venture and its

d/b/a Stearns to the underlying LEEP and Blanken actions pending the outcome of this coverage

action.  A series of Reservation of Rights letters were sent to:  J.C. Egnew dated January 15,

2013, June 4, 2013, July 25, 2013; Lloyd Moncrief dated January 16, 2013, May 16, 2013;

Kentucky Highlands dated October 31, 2013; and Outdoor Venture d/b/a Stearns dated

August 12, 2013 and September 12, 2013.

46.     That pursuant to the provisions of these policies, Auto-Owners and Owners do not

owe a defense and/or indemnification to the insureds, J.C. and Azalie Egnew, Lloyd and Linda

Moncrief, Kentucky Highlands, and Outdoor Venture d/b/a Stearns for the claims asserted in the

underlying Complaints by LEEP and Roger L. Blanken.

WHEREFORE, Plaintiffs, Auto-Owners Insurance Company and Owners Insurance

Company, by counsel, respectfully pray for:

1.     A declaration of rights that they are not required to either indemnify and/or

provide a defense to the claims brought in the LEEP action in Jefferson Circuit Court, Div. Two,

Action No. 13-CI-00086 and in the Blanken action in United States District Court, Eastern

21

District of Kentucky, London, Case No. 6:13-cv-00047 which form the subject matter of this

action to:

      a.      J.C. and Azalie Egnew under policy numbers 47-169-592-00, 47-173-955-02, 47-173-955-00;

      b.      Lloyd and Linda Moncrief under policy numbers 44-930-116-01, 44-930-116-02;

      c.      Kentucky Highlands Investment Corporation under policy numbers 48-727-949-00, 48-727-049-01;

      d.      Outdoor Venture Corporation d/b/a Stearns Manufacturing under policy number 52392053-13;

2.      For costs incurred herein; and

3.      For any and all other proper relief to which Auto-Owners and Owners Insurance

Companies may be entitled.

      Respectfully submitted,

      SEWELL, O'BRIEN & NEAL, PLLC


      /s/Peter J. Sewell_____
      PETER J. SEWELL
      CATHERINE M. SEWELL
      220 West Main Street, Suite 300
      Louisville, KY 40202
      Telephone:    (502) 582-2030
      Facsimile:    (502) 561-0766
      E-mail:      psewell@sonlegal.com
      E-mail:      csewell@sonlegal.com
      *Counsel for Plaintiffs*